RUTSEN HUNT, APPELLANT, v. CHARLES A. VAN DEUSEN, RESPONDENT.*

*Representations on a sale of chattels — when they constitute a warranty, which survives the acceptance of the goods — a rule of damages will be followed · notwithstanding proof that the vendee sustained none.*

The defendant accepted an offer of the plaintiff to butcher fifteen hogs, owned by him, and sell the pork to the defendant, upon the statement of the plaintiff that there were not any stags, coarse or unmerchantable hogs among them, and that they were a choice, first-class lot. It was proved upon the trial that upon an examination of the dressed hogs, which were delivered during the defendant's absence from his store, it was found that one of them, weighing 394 pounds, was, when butchered, a hog from which only one testicle had been taken in castration, the other not being found, and that the pork of such an animal was not merchantable and was of little value.

*Held*, that the representations upon which the defendant agreed to buy the pork were a warranty of quality, and that there was a breach thereof, which was not waived by the acceptance of the pork, and which entitled the defendant to recover, as damages, the difference in value between the pork as it was and such pork as it was represented to be.

That it was error to compel the defendant, who made the pork into sausages and lard, to answer that he sold the sausages and lard at the ordinary price, as the plaintiff could not, because of the dexterity of the vendee, escape from the damages as measured by the rule above stated.

That it was not competent for the plaintiff to prove, by several witnesses, that each of them had had a hog of this description, and how he treated it, and that he did not discover that the pork differed from his other pork.

APPEAL from a judgment by the County Court of Columbia county, reversing a judgment of a justice of the peace in favor of the plaintiff.

The plaintiff had fifteen live hogs, and offered to butcher them and sell the pork to the defendant. The defendant asked if there were any stags, coarse or unmerchantable hogs among them; he said no, they were all a choice first-class lot. The plaintiff agreed to buy the pork at seven dollars per hundred. Some time afterwards the plaintiff delivered the dressed hogs at the store of the defendant during his absence. Upon examination, one of them, of 394 pounds weight, was found to be very coarse. It was proved

on the trial that it was, when butchered, a hog from which only one testicle had been taken in castration, the other not being found. Evidence was given tending to show that the pork of such an animal was not merchantable and was of little value. The plaintiff had judgment for the price of the pork, which judgment was reversed by the County Court, and the plaintiff appeals.

*Newkirk & Chase,* for the appellant.

*Hauver & Cochrane,* for the respondent.

LANDON, J.:

The representations upon which the defendant agreed to buy the pork were a warranty of quality. There was a substantial breach of that warranty, that was not waived by the acceptance of the pork. (*Brigg* v. *Hilton,* 99 N. Y., 517.) The plaintiff cites *Gilbert Car Company* v. *Mann* (24 W. Dig., 483), decided by us. We held in that case that the car which the plaintiffs manufactured and delivered under an executory contract, containing a warranty as to quality, was accepted under such circumstances as precluded the defendant from insisting upon the warranty. The defendant in that case, notwithstanding the warning of the plaintiff, insisted upon the use of green wood, which caused the defect. The defendant here did nothing to waive his right to rely upon the warranty.

The measure of damages was the difference in value between the pork as it was, and such pork as it was represented to be. The defendant made the pork into sausages and lard. He was required to answer, notwithstanding his objection, that he sold the sausage and lard at the ordinary price. The object of this was to show that by his methods he protected himself from actual loss. But that fact does not avail the vendor. He must respond according to the terms of the contract, and cannot, because of the dexterity of the vendee, escape from the damages measured by the rule above stated. (*Muller* v. *Eno,* 14 N. Y., 597.) It was not competent for the plaintiff to prove, as he did by several witnesses, that each one of them had had a hog of this description, and how he treated it, and that he did not discover that the pork differed from his other pork. The defendant could not be prepared to meet these individual cases,

but only to establish the general fact in such cases, and the particular fact in this case.

The judgment should be affirmed, with costs.

LEARNED, P. J. and BOCKES, J., concurred.

Judgment of county court affirmed, with costs.